IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| TIMOTHY B. HENNIS,<br><br>                      Petitioner,<br><br>v.<br><br>DOUGLAS J. CURTIS,<br><br>                      Respondent. | Case No. 25-3207-DDC |

**MEMORANDUM AND ORDER**

In 2010, a court-martial convicted petitioner Timothy B. Hennis of three counts of capital murder and imposed a sentence of death, dishonorable discharge, forfeiture of all pay and allowances, and reduction to the rank of E-1. Doc. 1 at 2. The United States Supreme Court denied certiorari in the direct appeal in January 2021. *Id.* On September 26, 2025, Mr. Hennis filed a Motion for Appointment of Counsel to File Petition for Writ of Habeas Corpus by a Person under a Death Sentence (Doc. 1) and a Motion for Leave to Proceed In Forma Pauperis (Doc. 2). Detailed military counsel Jonathan Potter and Andrew W. Moore, CPT, JA prepared and submitted the motion seeking appointment of counsel for Mr. Hennis. In these motions, Mr. Hennis seeks appointment of qualified counsel, leave to proceed in forma pauperis, and an order staying issuance of an execution warrant.

The court has considered the financial information submitted with the Motion for Leave to Proceed In Forma Pauperis and concludes that Mr. Hennis is capable of paying the $5.00 filing fee in this matter. The court therefore denies the Motion for Leave to Proceed In Forma Pauperis (Doc. 2). Mr. Hennis must pay the $5.00 filing fee on or before November 3, 2025. If he fails to pay the filing fee timely, the court will dismiss this matter without prejudice and without further notice to him.

Though Mr. Hennis can pay the $5.00 filing fee, the court finds that he lacks the financial resources to retain counsel to assist him. And Mr. Hennis intends to file a petition pursuing federal habeas relief under 28 U.S.C. § 2241. Mr. Hennis therefore is eligible for appointed counsel under two statutes. *First*, he is eligible under 18 U.S.C. § 3006A(a)(2)(B), which provides for appointed counsel for any financially eligible person seeking relief under 28 U.S.C. § 2241 when "the interests of justice so require." *Second*, Mr. Hennis is eligible under 18 U.S.C. § 3599(a)(2). This provision authorizes appointment of counsel in post-conviction proceedings brought under 28 U.S.C. § 2254 or § 2255 to vacate or set aside a death sentence if the defendant "is or becomes financially unable to obtain adequate representation or investigative, expert, or other reasonably necessary services." 18 U.S.C. § 3599(a)(2). To be sure, this provision doesn't refer explicitly to proceedings brought under 28 U.S.C. § 2241. But our court previously acknowledged a forceful argument that it should interpret 18 U.S.C. § 3599(a)(2) to authorize appointment of counsel for a military prisoner seeking federal habeas relief under 28 U.S.C. § 2241 from a death sentence imposed by a court-martial. *See Gray v. Gray*, No. 08-3289-RDR, Doc. 7 (D. Kan. Nov. 26, 2008) (unpublished order).[1]

---

[1] In 2011, Eric Belcher became Mr. Gray's custodian and thus the respondent. In 2014, then-Chief Judge Thomas J. Marten became the presiding judge. Thus, the current case name and number is *Gray v. Belcher*, No. 08-3289-JTM.

Mr. Hennis hasn't filed a petition for relief under 28 U.S.C. § 2241 yet, but the court nevertheless may appoint counsel now.  The United States Supreme Court has held that capital defendants enjoy a right to counsel even before filing a petition for federal habeas relief.  *See McFarland v. Scott*, 512 U.S. 849, 855 (1994) (holding that "the right to appointed counsel adheres prior to the filing of a formal, legally sufficient habeas corpus petition").  This right adheres so early in the proceeding because habeas corpus "petitions must meet heightened pleading requirements and comply with [the] doctrines of procedural default and waiver," and federal courts summarily may dismiss a habeas petition that is insufficient on its face.  *Id.* at 856 (citations omitted).  "'Requiring an indigent capital petitioner to proceed without counsel in order to obtain counsel thus would expose him to the substantial risk that his habeas claims never would be heard on the merits.'"  *Id.*  The court thus grants Mr. Hennis's request for appointment of counsel to help him prepare and litigate his federal habeas petition.

The federal statute governing appointment of counsel in post-conviction proceedings brought under 28 U.S.C. § 2254 or § 2255 also establishes necessary qualifications for attorneys appointed to represent petitioners in capital habeas cases.  *See* 18 U.S.C. § 3599(c).  It provides that "the court, for good cause, may appoint another attorney whose background, knowledge, or experience would otherwise enable him or her to properly represent the defendant, with due consideration to the seriousness of the possible penalty and to the unique and complex nature of the litigation."  18 U.S.C. § 3599(d).  Mr. Hennis asks the court to appoint as his counsel the Federal Public Defender for the Western District of North Carolina, through its Capital Habeas Unit for the Fourth Circuit ("the CHU") and the detailed military counsel who prepared and submitted his motion to appoint counsel.  Doc. 1 at 1.  The court has considered the qualifications of the CHU as a whole and, specifically, the qualifications of Teresa L. Norris and

Gerald W. King, Jr.—the attorneys the CHU anticipates assigning to Mr. Hennis's case. And it now finds that they are qualified to serve as appointed counsel here. The court also determines that good cause exists to appoint two attorneys to represent Mr. Hennis in his capital habeas litigation. Thus, the court will grant the request for appointment of the Federal Public Defender for the Western District of North Carolina, though the CHU. Detailed military counsel will assist the CHU.

In his motion for appointed counsel, Mr. Hennis also asks the court "to enter an order staying the issuance of any warrant for his execution." Doc. 1 at 1. He doesn't provide any legal authority or argument to support this request. In *McFarland*, the United States Supreme Court held that federal courts have jurisdiction to stay the execution of a state prisoner who's received appointed counsel to assist in seeking federal habeas relief. *See* 512 U.S. at 857–59 (holding "that once a capital defendant invokes his right to appointed counsel, a federal court also has jurisdiction . . . to enter a stay of execution"). But McFarland didn't seek a stay until after the State had scheduled his execution. *Id.* at 851–52. His execution thus was imminent. Under those circumstances, the *McFarland* Court held that a stay of execution was necessary to allow appointed counsel time to research and present the habeas claims to the federal courts. *Id.* at 858.

In contrast, Mr. Hennis's execution isn't imminent. Nor does it appear that his death sentence is final. Article 57 of the Uniform Code of Military Justice states:

> If the sentence of the court-martial extends to death, that part of the sentence providing for death may not be executed until approved by the President. In such a case, the President may commute, remit, or suspend the sentence, or any part thereof, as the President sees fit. That part of the sentence providing for death may not be suspended.

10 U.S.C. § 857(a)(3). In other words, no execution of an individual under a sentence of death imposed by a court-martial will go forward unless (and until) the President personally approves the death sentence. The Rules of Courts-Martial also explain that only after presidential approval may the "punishment of death . . . be carried out in a manner prescribed by the Secretary concerned." R.C.M. 1102(b)(5).

The limited materials before the court don't suggest that the President has approved Mr. Hennis's death sentence. Indeed, the materials don't even show that the Secretary of the Army has ordered Mr. Hennis's execution. Thus, *McFarland*'s rationale—that a stay of execution is required to allow counsel time to prepare and submit claims—doesn't apply. Indeed, *McFarland* expressly clarified that in "ordinary circumstances, a capital defendant presumably will have sufficient time to request the appointment of counsel and file a formal habeas petition prior to his scheduled execution." 512 U.S. at 858. The circumstances of the present case appear, for now, ordinary. The court thus applies the standards governing a request for a preliminary injunction to Mr. Hennis's request for an order preventing the President from approving his death sentence or preventing the Secretary of the Army from ordering his execution. It does so because, in effect, that's the substance of Mr. Hennis's request.

To secure a preliminary injunction, Mr. Hennis must establish that: (1) he's substantially likely to succeed on the merits, (2) he'll suffer irreparable injury without the injunction, (3) his threatened injury outweighs the injury to the opposing party under the injunction, and (4) the injunction isn't adverse to the public interest. *See Mrs. Fields Franchising, LLC v. MFGPC*, 941 F.3d 1221, 1232 (10th Cir. 2019). Mr. Hennis offers no argument to justify his request for preliminary injunctive relief, so he has established none of these four requisites. And although an execution would qualify as irreparable injury, it's far less evident that presidential approval of

the death sentence or the Secretary of the Army issuing of an order of execution—by themselves—will cause Mr. Hennis irreparable injury. Thus, the court denies Mr. Hennis's request for an order staying issuance of an execution warrant. If the President approves Mr. Hennis's death sentence and the Secretary of the Army orders his execution, Mr. Hennis may renew his request.

**IT IS THEREFORE ORDERED BY THE COURT THAT** petitioner's Motion for Leave to Proceed In Forma Pauperis (Doc. 2) is denied. Petitioner is granted until and including November 3, 2025 to pay the $5.00 filing fee.

**IT IS FURTHER ORDERED THAT** petitioner's Motion for Appointment of Counsel to File Petition for Writ of Habeas Corpus by a Person under a Death Sentence (Doc. 1) is granted in part and denied in part. The request for appointment of counsel is granted. The court appoints the Federal Public Defender for the Western District of North Carolina, through its Capital Habeas Unit for the Fourth Circuit and with assistance from detailed military counsel, to represent petitioner in his federal habeas proceedings and other proceedings contemplated by 18 U.S.C. § 3599. The request for an order staying issuance of a warrant for execution is denied.

The Clerk must transmit copies of this Order to petitioner, the Federal Public Defender for the Western District of North Carolina, and the Office of the United States Attorney for the District of Kansas.

**IT IS SO ORDERED.**

**Dated this 7th day of October, 2025, at Kansas City, Kansas.**

                                                **s/ Daniel D. Crabtree**
                                                **Daniel D. Crabtree**
                                                **United States District Judge**